WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Kimberly A. Havlin
Elizabeth Feld
Rashida J. Adams
*Counsel to HNA Training Center NY LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| ZVG @ PALISADES LLC, | ) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

Chapter 11

Case No. 19-45511 (CEC)

Hearing Date: November 6, 2019 at
3:00 p.m. EST

**HNA TRAINING CENTER NY LLC'S RESPONSE AND LIMITED OBJECTION TO**
**DEBTOR'S MOTION FOR AUTHORIZATION TO ASSUME CONTRACT**
**TO PURCHASE REAL PROPERTY AND OBTAIN RELATED FINANCING**

HNA Training Center NY LLC ("HNA") hereby files this response and limited objection to the Debtor's Motion for Authorization to Assume Contract to Purchase Real Property and Obtain Related Financing, dated October 28, 2019 (the "Motion"), in order to (i) clarify certain points concerning the Contract[1] and the Debtor's obligations thereunder; and (ii) explain why the Debtor must demonstrate that it has adequate financing in place before assuming the Contract. In support of this response and limited objection, HNA respectfully states as follows:

---

[1] All capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Motion.

1.      As the Court is aware, HNA is the counterparty to the Contract that the Debtor seeks to assume by this Motion, and the seller of the real property at issue (the "Property").[2] Motion ¶¶ 2, 8.

2.      As the Court is also aware, on October 18, 2019, HNA filed a Motion for Conditional Relief from the Automatic Stay [Docket No. 12] (the "Stay Relief Motion"), seeking conditional relief from the automatic stay, and permitting HNA to terminate the Contract, if the Debtor is unable to close on the sale of the Property in accordance with the terms of the Contract on or before November 12, 2019.  Objections to the Stay Relief Motion were due by October 31, 2019.  No objection to such relief was filed by the Debtor (or anyone else).

3.      As HNA has previously stated, it has no objection to closing on the sale of the Property under the Contract with the Debtor *if* the Debtor fully complies with the strict terms of the Contract (enumerated more fully below) and closes the transaction on or before November 12, 2019.  Accordingly, HNA has no objection to the Debtor assuming the Contract if the Debtor is able to meet these requirements.

4.      To assume the Contract, the Debtor must comply with the strict terms thereof, cure any defaults thereunder, and provide adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1).  In particular, the Debtor must pay all of the following to HNA on or before November 12, 2019 (*i.e.*, either prior to or at closing of the sale of the Property):

- $32,045,000, the unpaid portion of the original purchase price of $40,000,000. *See* Contract § 2.2(a).[3]

- $12,500 per day for each day the Debtor failed to close from August 8, 2019 to August 25, 2019, and $15,000 per day for each day the Debtor fails to close from

---

[2] The Contract, including the four amendments thereto, is attached to the Motion as Exhibit A.
[3] This amount includes a $45,000 shortfall in deposits that, as noted in paragraph 5 below, were required to be paid to HNA under the Contract but were not paid.

August 26, 2019 "through and including the day immediately prior to the Closing Date." Fourth Amendment to Agreement of Purchase and Sale, dated August 15, 2019 ("<u>Fourth Amendment</u>"), § 2. By way of example, if the Debtor closes on November 12, 2019, this payment will total $1,395,000 (the sum of $12,500 per day for 18 days and $15,000 per day for 78 days).

- $37,008, the amount of HNA's legal fees that the Debtor is required to reimburse. *See id.* § 7.

- The Debtor's portion of closing adjustments and costs (such as real property taxes), as well as all brokerage fees. *See* Contract §§ 9.1, 10.1, 14.3.

The Motion refers generally to the purchase price, deposits, and the need to pay any outstanding fees and cure existing defaults. Motion ¶¶ 2-3, 9, 11. To be clear, the amount the Debtor must pay to assume the contract, assuming a November 12, 2019 closing, is $33,477,008 plus closing adjustments, costs, and brokerage fees.

5.      The Debtor states in its Motion that it is attempting to close to avoid "a forfeiture of deposits totaling $8.0 million." *Id.* ¶ 11. HNA clarifies this statement on three grounds: (i) these deposits currently total only $7,955,000; (ii) these deposits have already been irrevocably released to HNA by the escrow agent; and (iii) although such amounts will be credited against the purchase price if a closing occurs by November 12, 2019, HNA will retain the deposits as liquidated damages if the Debtor fails to close by November 12, 2019. *See* Stay Relief Motion, ¶¶ 14-15, 17, 22.

6.      Before the Debtor can close the transaction, it must formally assume the Contract under section 365 of the Bankruptcy Code, which requires it to (i) "cure any outstanding default or provide adequate assurance that the default will be promptly cured;" and (ii) "provide adequate assurance of future performance under the contract." *In re Empire*

3

*Equities Capital Corp.*, 405 B.R. 687, 690 (Bankr. S.D.N.Y. 2009); *see also* 15 Collier on Bankruptcy § 13.21 (16th ed. 2019) (same).  Here, there is only one way to satisfy these requirements: the Debtor must show it has obtained adequate financing to close the transaction by paying the amounts outlined above.

7.      In its Motion, the Debtor states that it does not have the financing it needs (and so cannot assume the Contract), though the Debtor is working to secure such financing.  *See* Motion ¶¶ 6-7, 11.  That financing has not materialized as of the filing of this objection.  Absent such financing, which HNA will evaluate if and when it is presented, the Contract cannot be assumed and the Motion should be denied.

8.      Finally, the Debtor asserts that (i) it is an assignee of the Contract; and (ii) "[b]y filing the Chapter 11 petition before the end of the closing ceremony, the Debtor avoided a termination of the Contract, and preserved its rights thereunder."  *Id.* ¶¶ 4, 9.  As previously addressed in the Stay Relief Motion, HNA does not concede either statement and reserves the right to challenge same in the future, but HNA does not challenge the Motion on these bases at this time.

9.      Finally, this Motion should only be granted if the Stay Relief Motion is also granted.  If the Debtor is ultimately unable to perform its obligations under the Contract and close on the sale of the Property by November 12, 2019, HNA should be permitted to terminate the Contract without further order of the Court, for the reasons stated in the Stay Relief Motion.

## **RESERVATION OF RIGHTS**

10.      HNA expressly reserves all of its rights, claims, and remedies against the Debtor.

Dated: November 5, 2019
     New York, New York

                    WHITE & CASE LLP

By:   */s/ Kimberly A. Havlin*
       Kimberly A. Havlin
       Elizabeth Feld
       Rashida J. Adams

       1221 Avenue of the Americas
       New York, NY 10020
       Telephone:  (212) 819-8200
       Facsimile:  (212) 354-8113
       kim.havlin@whitecase.com
       efeld@whitecase.com
       rashida.adams@whitecase.com

AMERICAS 101372172